UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOMICA HARMON, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV116 JCH |
| | ) | |
| H&R BLOCK TAX AND BUSINESS | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant H&R Block Tax and Business Services, Inc.'s

("Defendant" or "H&R Block"[1]) Motion to Dismiss Plaintiff's Complaint, filed March 14, 2013.

(ECF No. 10).  The motion is fully briefed and ready for disposition.

**BACKGROUND**[2]

Plaintiff Tomica Harmon was a client of H&R Block for several years prior to 2010.  During

that time, Gwendolyn Edwards ("Edwards") served as Plaintiff's H&R Block tax preparer.

According to Plaintiff, early in 2011 Edwards used Plaintiff's social security number, past

tax returns and other private information, and forged Plaintiff's signature, to (a) apply for an H&R

Block line of credit known as an H&R Block Emerald Advance, (b) apply for an H&R Block

Emerald Prepaid MasterCard, and (c) file a false 2010 tax return in Plaintiff's name and retain the

---

[1] Defendant maintains H&R Block Tax and Business Services, Inc. was improperly named as a defendant.  (H&R Block's Motion to Dismiss, P. 1 n. 1).  It therefore reserves the right to raise additional motions to dismiss this action against it as an improper party, or to substitute the proper party defendant.

[2] The Court's background section is taken from Plaintiff's Complaint, to which H&R Block has not yet filed an answer.

refund.  Edwards allegedly admitted her theft to Plaintiff, explaining she engaged in such behavior because she was in a financial bind.

Plaintiff alleges that in a letter dated January 31, 2011, H&R Block notified her of the theft of her personal information, and stated it was conducting an investigation and taking appropriate measures to minimize future occurrences.  H&R Block later arranged for Plaintiff to receive twelve months of identity protection under the Debix Identity Protection Network at no expense to Plaintiff.

Based on these alleged occurrences Plaintiff filed her Complaint on January 16, 2013, asserting the following causes of action against H&R Block:  negligence, fraud, conversion, breach of contract, larceny by trick, and embezzlement.  H&R Block filed the instant Motion to Dismiss on March 14, 2013, asserting each of Plaintiff's claims fails as a matter of law, because she fails to allege any facts under which H&R Block may be found liable.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff.  *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).  The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

- 2 -

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I.     Negligent Hiring/Retention And Negligent Supervision[3]

"To establish a claim for negligent hiring, a plaintiff must allege that:  (1) the employer knew or should have known of the employee's dangerous proclivities; and (2) the employer's negligence was the proximate cause of the plaintiff's injuries." *Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 87 (Mo. App. 2012) (citation omitted).[4]  With respect to the essential elements of a claim for negligent supervision, Missouri has adopted the test laid out in the Restatement (Second) of Torts § 317 (1965), as follows:

> A master is under the duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if
>
> (a) the servant
>
> (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
>
> (ii) is using a chattel of the master, and
>
> (b) the master

---

[3] In her Complaint, Plaintiff simply alleges negligence as a cause of action.  In her response to H&R Block's motion, however, she clarifies that she intends to pursue claims for negligent hiring/retention and negligent supervision.

[4] "In Missouri, the causes of action of negligent hiring and negligent retention are comprised of the same elements." *Lonero v. Dillick*, 208 S.W.3d 323, 329 (Mo. App. 2006) (citation omitted).

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

*Id.*; *see also Intermed Ins. Co. v. Hill*, 367 S.W.3d 84, 89 (Mo. App. 2012) (citing *Reed v. Kelly*, 37 S.W.3d 274, 278 (Mo. App. 2000)) (same).  "Both causes of action 'require evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment.'"  *Dibrill*, 383 S.W.3d at 87 (quoting *Reed*, 37 S.W.3d at 278).

H&R Block moves to dismiss Plaintiff's negligence claims on the grounds that her allegations are conclusory in nature.  Upon consideration the Court agrees, and further finds that a necessary element of Plaintiff's negligence claims is negated by her own allegations.  Specifically, the Court notes that while Plaintiff charges H&R Block with "retain[ing] the tax preparer in its employment when it knew or should have known that the tax preparer posed a danger to the community," (see Compl., ¶ 20), Plaintiff admits that for several years prior to the incident at issue she herself enjoyed a relationship with Edwards based on trust.  (Id., ¶¶ 6-8).  Furthermore, by positing that Edwards stole her identity on this one occasion because she was in a "financial bind," (Id., ¶14), Plaintiff's own allegations acknowledge Edwards' illegal actions were an aberration, rather than evidence of a pattern of behavior of which H&R Block was or should have been aware.  Under these circumstances, Plaintiff fails to present evidence that H&R Block had reason to foresee Edwards "would create an unreasonable risk of harm outside the scope of [her] employment," and so this portion of H&R Block's Motion to Dismiss must be granted.  *Dibrill*, 383 S.W.3d at 87.

## II.    Fraud

Under Missouri law, to state a claim for fraudulent misrepresentation Plaintiff must plead facts supporting each of the following elements:  "(1) a false, material representation; (2) the

- 4 -

speaker's knowledge of its falsity or his ignorance of the truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury." *Harris v. Mid-West Egg Donation, LLC*, 365 S.W.3d 274, 276 (Mo. App. 2012) (citing *Bohac v. Walsh*, 223 S.W.3d 858, 862 (Mo. App. 2007)).  Upon review of Plaintiff's Complaint, the Court finds she fails to satisfy the first element of her claim for fraud.  In other words, Plaintiff alleges no false, material representation on the part of H&R Block, instead asserting only that H&R Block promptly informed her of the incident of theft and stated it was conducting an investigation.  Under these circumstances, Plaintiff's claim for fraud must be dismissed.[5]

## III.   Conversion, Larceny By Trick And Embezzlement

Under Missouri law, to state a claim for conversion Plaintiff must plead facts supporting each of the following elements:  "[1] that [s]he was entitled to possession, [2] the defendant exercised unauthorized control and [3] the defendant deprived plaintiff of [her] right to possession." *Whipple v. Allen*, 324 S.W.3d 447, 450 (Mo. App. 2010) (internal quotation marks and citations omitted).  Similarly, under Missouri law the offense of "stealing" consists of:  "(1) an appropriation (2) of property or services (3) of another (4) with the purpose to deprive the other thereof; and (5)

---

[5] In her response to H&R Block's Motion to Dismiss, Plaintiff invokes the doctrine of respondeat superior.  "Under the doctrine of respondeat superior, an employer is liable for the misconduct of an employee where that employee is acting within the course and scope of his employment." *Dibrill*, 383 S.W.3d at 89 (citation omitted).  "An act is within the course and scope of employment if:  (1) even though not specifically authorized, it is done to further the business or interests of the employer under his 'general authority and direction' and (2) it naturally arises from the performance of the employer's work." *Id.* at 89-90 (citations omitted).  Here, there is no allegation that Edwards committed her wrongful acts in furtherance of H&R Block's business or interests; rather, Plaintiff acknowledges Edwards acted on her own and not pursuant to H&R Block's instructions.  (Compl., ¶¶ 14, 18).  Plaintiff's reliance on respondeat superior as support for her causes of action thus is misplaced. *Dibrill*, 383 S.W.3d at 90.

accomplished either without the owner's consent or by deceit or coercion." *State v. Pherigo*, 389 S.W.3d 693, 700 (Mo. App. 2012); Mo. Rev. St. § 570.030.1.[6]

Upon consideration, the Court finds Plaintiff fails to allege H&R Block stole or converted any property.  Rather, Plaintiff's own assertions make clear it was Edwards, not H&R Block, who allegedly misappropriated Plaintiff's personal information and tax refund.  Under these circumstances, Plaintiff's claims for conversion, larceny by trick and embezzlement must be dismissed.

## IV.   <u>Breach Of Contract</u>

Under Missouri law, to state a claim for breach of contract Plaintiff must plead facts supporting each of the following elements:  "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Martha's Hands, LLC v. Rothman*, 328 S.W.3d 474, 479 (Mo. App. 2010) (citing *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010)).  Upon review of Plaintiff's Complaint, the Court finds she fails to satisfy the first element of her claim for breach of contract.  In other words, Plaintiff fails to allege the existence of a contract between Plaintiff and H&R Block, an omission that is fatal to her claim for breach of contract.

## <u>CONCLUSION</u>

Accordingly,

---

[6] With this definition, "[t]he code makes transition from the multifarious common law definitions (larceny, larceny by bailee, larceny by false pretenses, embezzlement, among the others--each with distinctive essential elements) to one basic and encompassed crime."  *State v. Gates*, 637 S.W.2d 280, 282 (Mo. App. 1982).

**IT IS HEREBY ORDERED** that Defendant H&R Block's Motion to Dismiss Plaintiff's Complaint (ECF No. 10) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.


Dated this 24th day of April, 2013.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE